IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

HENSYN RESOURCES, LLC,

    Plaintiff,

v.

HORIZON MINING, LLC,

    Defendant.

Case No. 0:22-cv-00085-DLB-EBA

*Electronically Filed*

## REPLY IN SUPPORT OF HORIZON MINING, LLC'S MOTION TO DISMISS

To support its motion to dismiss, Horizon Mining, LLC ("Horizon") has cited a number of cases from within the Sixth Circuit dismissing declaratory judgment claims that are duplicative of breach of contract claims. In response, Plaintiff cites no contradictory law on this well settled point. Instead, Plaintiff tries to establish that its declaratory judgment claims in Count I are not duplicative of its breach of contract claims in Count II.[1]  This effort fails.

Plaintiff's assertion that its breach of contract claim only involves "past harm" while the declaratory count focuses on "future damages" is belied by the plain language of the Complaint. [Record No. 13, Resp. at 6-7.] Count I seeks a declaration as to past and future damages, claiming that Horizon must both "compensate" and "continue to compensate" Plaintiff in accordance with § 5.2 of the Services Agreement, and that Plaintiff is entitled to that

---

[1] Actually, Plaintiff's first contention has nothing to do with the dismissal issue before this Court. Instead, Plaintiff leads with the argument that Horizon is "impliedly" urging the Court to construe ambiguity in the Services Agreement against Plaintiff as the drafter. [Record No. 13, Resp. at 1-2.] To the contrary, Horizon is not asking the Court to clear up any "ambiguity." Rather, dismissal is appropriate based solely on the clear language in the Complaint, which demonstrates that the declaratory judgment claims in Count I are duplicative of the breach of contract claims in Count II. Plaintiff's choice to lead off its Response with this argument is telling.

compensation "now and in the future." [Record No. 1 at ¶¶ 53, 57; *see also Id.* at Wherefore Clause, ¶ 2(a).] Likewise, the breach of contract claims in Count II seek both past and future damages, claiming that "as a direct result of the aforesaid breaches Hensyn has suffered and will continue to suffer pecuniary damages," and has incurred and "will continue to incur indirect and consequential damages." [*Id.* at ¶¶ 63-64.] The claims are plainly duplicative.

Plaintiff's argument also fails in light of basic contract law. The Complaint asserts that Horizon anticipatorily "repudiated" the contract by refusing to pay Hensyn the compensation set forth in § 5.2 of the Services Agreement. [*Id.* at ¶¶ 60-62.] Because "[c]ourts have accepted the general rule that an anticipatory repudiation gives the injured party an immediate claim to damages for total breach[,]" Plaintiff's breach of contract claim lets it seek allowable contract damages, both past and future. *Kepley v. Lanz*, 2015 WL 1978706, at *10 (W.D. Ky. May 1, 2015) (citation omitted). Consequently, there is no need for Plaintiff to assert an additional declaratory judgment claim for future damages. Plaintiff cites no case for its novel proposition that breach of contract law is incapable of addressing the full range of damages sought by Plaintiff (or Horizon) in this case.[2] Nor has Plaintiff cited any authority to support the notion

---

[2] Plaintiff's characterization of Horizon's counterclaim for breach of contract is stunted and self-serving, positing that Horizon is simply upset because rates went up in its utilities contract with EKPC and GRECC, which Horizon should have foreseen. [Record No. 13, Resp. at 2-3.] Horizon's actual claim is that the contract required Plaintiff to use its "experience and expertise" to "negotiate with electric power companies on Horizon's behalf" to supply electricity at a price acceptable to Horizon. [Record No. 1-1, Services Agmt. at preamble and § 1.1(b).] Plaintiff comments on Horizon's "ignorance" of how utility rates are calculated, [Resp. at 3], yet if Horizon had possessed sufficient experience and expertise to negotiate a major utilities contract on its own, it would not have needed Plaintiff to fill that critical contractual role. Moreover, Plaintiff did not attempt to contractually limit its liability or obligation to negotiate a deal with the power companies on Horizon's behalf that would lead to energy costs acceptable to Horizon. Plaintiff failed to fulfill this key contractual duty, leaving Horizon with injurious electricity costs. Horizon properly terminated the Services Agreement based on that breach of contract by Plaintiff.

2

that a breach of contract verdict cannot resolve the question of whether either party has any "legal duties for the future." [Record No. 13, Resp. at 6.] Indeed, there is no reason that well-settled contract law principles cannot be applied to the facts of this case. Upon resolution of the breach of contract claims, all questions about future contractual obligations will also be resolved. No declaratory judgment claim is needed for resolution.

Besides ignoring basic contract law, Plaintiff's argument also turns the dismissal standard on its head. Rather than viewing the allegations in Plaintiff's favor, Plaintiff insists the Court must instead determine the motion to dismiss based on "how **Horizon** frames its position"—that being, allegedly, that "suit was brought before an actual injury occurred, so the dispute has not ripened into a breach of contract." [*Id.* (emphasis added).] Plaintiff's claim that a "declaratory action is necessary to resolve the dispute between the parties that has not yet ripened into a breach" [*Id.* at 7], flies in the face of the standard that governs motions to dismiss.

Given the motion to dismiss standard, Horizon did not move to dismiss Plaintiff's breach of contract claim, knowing that the Court must construe the allegations in Plaintiff's favor, not Horizon's. Horizon expects to have a strong defense to Plaintiff's breach of contract claim but—unless Plaintiff is willing to stipulate to the dismissal of its breach of contract claim—Horizon's allegations do not nullify Plaintiff's breach of contract claim at the motion to dismiss stage, particularly when Horizon is solely moving to dismiss the declaratory judgment claims.

## CONCLUSION

Plaintiff cannot dispute the case law from within the Sixth Circuit that supports Horizon's request to dismiss the declaratory judgment claims in Count I as duplicative of the breach of contract claims in Count II. Both Counts seek a judgment that Horizon must pay the compensation set forth in § 5.2 of the Services Agreement. The eventual order or verdict in this

case will settle once and for all the question of whether there was a breach and what damages must be paid on account of the breach. At the same time, all questions about future performance under the Services Agreement will be finally determined under principles of contract law. Regardless of which party prevails on its breach of contract claims, there is no need for a declaratory judgment. Accordingly, Count I of the Complaint should be dismissed as duplicative.

      Respectfully submitted on March 16, 2023.

                              */s/ Daniel E. Danford*
                              Daniel E. Danford
                              **STITES & HARBISON PLLC**
                              250 West Main Street, Suite 2300
                              Lexington, Kentucky 40507-1758
                              Telephone: (859) 226-2300
                              Email: ddanford@stites.com

                              John L. Tate
                              Frederick R. Bentley
                              **STITES & HARBISON PLLC**
                              400 West Market Street, Suite 1800
                              Louisville, KY 40202
                              Telephone: (502) 587-3400
                              Email: jtate@stites.com
                              Email: rbentley@stites.com

                              *Counsel for Horizon Mining, LLC*

## **CERTIFICATE OF SERVICE**

      This is to certify that the foregoing motion to dismiss was served on the following counsel of record via the Court's electronic filing system on this 16th day of March, 2023.

William H. Wilhoit
Laura Jane Phelps
WILHOIT LAW OFFICE
P.O. Box. 35
Grayson, KY 41143
*Counsel for Plaintiff*

                                        */s/ Daniel E. Danford*
                                        Daniel E. Danford