**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**ASHLAND**

**CIVIL ACTION NO. 22-85-DLB**

| | |
|---|---|
| **HENSYN RESOURCES LLC** | **PLAINTIFF** |
| **v.** | **MEMORANDUM ORDER** |
| **HORIZON MINING LLC** | **DEFENDANT** |

**\*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\***

This matter is before the Court upon Defendant Horizon Mining LLC's Motion to Dismiss (Doc. # 11). The matter has been fully briefed by the parties (Doc. # 13 and 14). For the reasons set forth herein, the Court will **grant** Defendant Horizon Mining LLC's motion and dismiss Count I of Plaintiff Hensyn Resources LLC's Complaint.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

For the purposes of the adjudication of the instant motion, the Court need not recite all the facts alleged in the Complaint; only the facts pertinent to the motion will be stated. In July of 2021, the parties entered into a Service Agreement wherein Defendant Horizon Mining LL ("Horizon") retained Plaintiff Hensyn Resources LLC ("Hensyn") to "provide certain services in order to launch [Horizon's] bitcoin mine." (Complaint, Docket No. 1, ¶ 1).   Section 1.1(b) of the Services Agreement required Hensyn to "negotiate with electric power companies on Horizon's behalf to supply electricity to Horizon at a per KWH (kilowatt hour) price that is fair, appropriate, and acceptable to Horizon's [operations]." (Doc. # 1-1).

1

On August 3, 2022, Horizon notified Hensyn that it had breached § 1.1(b) of the Services Agreement by failing to "fulfill[] its obligation to provide electricity at a price that is fair and appropriate for Horizon's mining operations." (Doc. # 1-2).  Horizon sought reimbursement for invoices already paid and to terminate the agreement. *Id.*  Eight days later, Hensyn emailed its termination notice to Horizon, claiming that Horizon had breached their agreement.  *Id.*

This litigation followed. In its Complaint against Horizon, Hensyn seeks a declaratory judgment (Count I) and alleges breach of contract (Count II).  Specifically, in Count I, Hensyn seeks a declaratory judgment that Horizon owes it the compensation enumerated in § 5.2 of the Services Agreement, and wrongfully relied on "fluctuating utility rates" as a means to "terminate the Service Agreement." (Doc. # 1, ¶¶ 53-57).  In Count II, Hensyn asserts that Horizon "repudiate[ed]" the Services Agreement by allegedly failing to pay the compensation enumerated in § 5.2 of the Services Agreement. *Id*. at ¶¶ 59-62.  In its prayer for relief, Hensyn asks the Court to determine the rights and liabilities of the parties and award monetary damages pursuant to the alleged breach of contract. *Id.*, p. 9-10.  Horizon seeks dismissal of Count I as duplicative of Count II.

## II.      STANDARD OF REVIEW

The Declaratory Judgment Act provides that a district court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *Miami Valley Mobile Health Servs., Inc. v. ExamOne Worldwide, Inc.*, 852 F. Supp. 2d 925, 938 (S.D. Ohio 2012) (*quoting* 28 U.S.C. § 2201(a)).  Courts have the discretion to decide whether to entertain a declaratory judgment action, and routinely "deny declaratory relief if an alternative remedy is better

2

or more effective." *Grand Trunk Western R. Co. v. Consolidated Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984). Moreover, declaratory judgment is typically sought before an injury-in-fact has occurred. *National Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 279 (6th Cir. 1997).  As such, courts consistently find that declaratory relief is inappropriate when the "claims have ripened into a cause of action." *Miami Valley*, 852 F. Supp. 2d at 938. For example, in *Miami Valley*, the court held that where the "validity and enforceability of the contracts have already been placed at issue" by a breach of contract claim, declaratory relief is not appropriate because the "claim for damages is a better and more effective remedy." *Id. See e.g., Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 908 (6th Cir. 1999) ("it is clear in the present case that a declaratory judgment would be redundant with the relief already sought for breach of contract"); *McGlone v. Centrus Energy Corp.*, 2020 WL 4431482, at *16 (S.D. Ohio July 31, 2020) (dismissing claim for declaratory judgment as duplicative of plaintiff's claim for breach of contract).  *See also, Waldren v. Allstate Vehicle & Prop. Ins. Co.*, 2020 WL 5214608, at *9 (S.D. Ohio Sept. 1, 2020); *Transworld Delivery, Inc. v. Fleurop–Interflora*, 261 F.Supp.2d 837 (E.D. Mich. 2003); *Pakideh v. Ahadi*, 99 F. Supp. 2d 805, 809 (E.D. Mich. 2000).

III.    ANALYSIS

Horizon contends that Hensyn's claim for declaratory judgment is duplicative of its claim for breach of contract. The Court agrees. The basis of Hensyn's claim for declaratory judgment — the status of the contractual relationship — has already ripened into a cause of action for breach of contract. Since the adjudication of its breach of contract claim will necessarily decide "the status of the contractual relationship," declaratory judgment on the same issue is unnecessary and duplicative.  Indeed, the

declaration Plaintiff seeks—that Horizon breached the Services Agreement and owes the compensation listed in § 5.2 of that agreement—cannot be made before there is a finding of liability on Plaintiff's claim for breach of contract.  As such, a declaratory judgment is unnecessary.

Hensyn maintains that its breach of contract claim may not resolve the dispute.  It contends, in essence, that its breach of contract claim addresses only past damages whereby requiring a declaratory judgment  to assess any  future damages.  Yet the language of its Complaint states otherwise.  Count I seeks a declaration as to past and future damages, claiming that Horizon must both "compensate" and "continue to compensate" Plaintiff in accordance with § 5.2 of the Services Agreement, and that Plaintiff is entitled to that compensation "now and in the future." (Doc. # 1,  ¶¶ 53, 57). The breach of contract claims in Count II also seek both past and future damages, claiming that "as a direct result of the aforesaid breaches Hensyn has suffered and will continue to suffer pecuniary damages," and has incurred and "will continue to incur indirect and consequential damages." *Id*. at ¶¶ 63-64.  Accordingly, the claims are duplicative.

The Court notes that Horizon does not seek dismissal of the entirety of Plaintiff's Complaint or judgment as to the breach of contract claim.  It is only asserting, and rightly so, that a declaratory judgment is unnecessary under the legal precedents set forth *supra*.

VI.    **CONCLUSION**

Accordingly, for the reasons set forth herein, **IT IS ORDERED** that Defendant Horizon Mining LLC's Motion to Dismiss (Doc. # 11) is **GRANTED** and Count I of Plaintiff Hensyn Resources LLC's Complaint be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendant file its Answer to Plaintiff's Complaint no later than **October 13, 2023**.

This 25th day of September 2023.



Signed By:

David L. Bunning

United States District Judge

L:\DATA\ORDERS\Ashland Civil\2022\22-85 Order granting DE 11.docx