# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY
## NORTHERN DIVISION
## AT ASHLAND
## CIVIL ACTION NO. 22-cv-0085 DLB-EBA

| | |
|---|---|
| HENSYN RESOURCES, LLC, | PLAINTIFF, |
| Vs. | |
| HORIZON MINING, LLC, | DEFENDANT/COUNTER-CLAIMANT, |
| v. | |
| HENSYN RESOURCES, LLC AND CODY STURGILL, | COUNTER-DEFENDANTS |

## COUNTER DEFENDANTS ANSWER TO HORIZON MINING, LLC'S FIRST AMENDED COUNTERCLAIM

*COMES* NOW THE PLAINTIFF/COUNTER DEFENDANTS, HENSYN RESOURCES, LLC AND CODY STURGILL, by and through counsel, and for their answer to Defendant/Counterclaimant, Horizon Mining, LLC's First Amended Counterclaim, states as follows:

### FIRST DEFENSE

1.      Plaintiff/Counter Defendants admit paragraph 1 of Defendant/Counter Claimant's Amended Counterclaim.

2.      Plaintiff/Counter Defendants admit paragraph 2 of Defendant/Counter Claimant's Amended Counterclaim.

3.      Plaintiff/Counter Defendants admit paragraph 3 of Defendant/Counter Claimant's Amended Counterclaim.

4.      Plaintiff/Counter Defendants admit paragraph 4 of Defendant/Counter Claimant's Amended Counterclaim.

5.      Plaintiff/Counter Defendants admit paragraph 5 of Defendant/Counter Claimant's Amended Counterclaim.

6.      Plaintiff/Counter Defendants admit paragraph 6 of Defendant/Counter Claimant's

Amended Counterclaim.

7.      Plaintiff/Counter Defendants admit paragraph 7 of Defendant/Counter Claimant's Amended Counterclaim.

8.      Plaintiff/Counter Defendants admit paragraph 8 of Defendant/Counter Claimant's Amended Counterclaim.

9.      Plaintiff/Counter Defendants admit paragraph 9 of Defendant/Counter Claimant's Amended Counterclaim.

10.     Plaintiff/Counter Defendants deny paragraph 10 of Defendant/Counter Claimant's Amended Counterclaim.

11.     Plaintiff/Counter Defendants admit paragraph 11 of Defendant/Counter Claimant's Amended Counterclaim to the extent that Counter Defendants could facilitate negotiations with a utility company consistent with the terms of the Service Agreement, but deny the remaining allegations.

12.     Plaintiff/Counter Defendants admit that the parties entered into a service agreement but deny the remaining allegations contained within paragraph 12 of Defendant/Counter Claimant's Amended Counterclaim.

13.     Plaintiff/Counter Defendants admit that Horizon entered into an agreement for the lease of the Sandy Hook correctional property, but Hensyn does not know everything Horizon relied upon or how much money was used to improve the property as alleged in paragraph 13 of Defendant/Counter Claimant's Amended Counterclaim.

14.     Plaintiff/Counter Defendants states that the Service Agreement speaks for itself and deny any allegation inconsistent with that service agreement as alleged in paragraph 14 of Defendant/Counter Claimant's Amended Counterclaim.

15.     Plaintiff/Counter Defendants deny paragraph 15 of Defendant/Counter Claimant's Amended Counterclaim.

16.     Plaintiff/Counter Defendants deny paragraph 16 of Defendant/Counter Claimant's Amended Counterclaim.

17.    Plaintiff/Counter Defendants state that the Service Agreement speaks for itself and deny any allegation inconsistent with that Service Agreement as alleged in paragraph 17 of Defendant/Counter Claimant's Amended Counterclaim.

18.    Plaintiff/Counter Defendants state that the Service Agreement speaks for itself and deny any allegation inconsistent with that Service Agreement as alleged in paragraph 18 of Defendant/Counter Claimant's Amended Counterclaim.

19.    Plaintiff/Counter Defendants state that the Service Agreement speaks for itself and deny any allegation inconsistent with that Service Agreement as alleged in paragraph 19 of Defendant/Counter Claimant's Amended Counterclaim.

20.    Plaintiff/Counter Defendants states that the Service Agreement speaks for itself and deny any allegation inconsistent with that Service Agreement as alleged in paragraph 20 of Defendant/Counter Claimant's Amended Counterclaim.

21.    Plaintiff/Counter Defendants states that the Service Agreement speaks for itself and deny any allegation inconsistent with that Service Agreement as alleged in paragraph 21 of Defendant/Counter Claimant's Amended Counterclaim.

22.    Plaintiff/Counter Defendants states that the Service Agreement speaks for itself and deny any allegation inconsistent with that Service Agreement as alleged in paragraph 22 of Defendant/Counter Claimant's Amended Counterclaim.

23.    Plaintiff/Counter Defendants admit that Horizon entered into an Industrial Power Agreement and that Sturgill and Hensyn facilitated the negotiations for that agreement, but deny the remaining allegations contained within paragraph 23 of Defendant/Counter Claimant's Amended Counterclaim.

24.    Plaintiff/Counter Defendants to the extent the allegations contained within paragraph 24 of Defendant/Counter Claimant's Amended Counterclaim refer to mining operations at Sandy Hook, it is admitted.

25.    Plaintiff/Counter Defendants deny paragraph 25 of Defendant/Counter Claimant's Amended Counterclaim.

26.     Plaintiff/Counter Defendants deny paragraph 26 of Defendant/Counter Claimant's Amended Counterclaim.

27.     Plaintiff/Counter Defendants deny paragraph 27 of Defendant/Counter Claimant's Amended Counterclaim.

28.     Plaintiff/Counter Defendants deny paragraph 28 of Defendant/Counter Claimant's Amended Counterclaim.

29.     Plaintiff/Counter Defendants deny paragraph 29 of Defendant/Counter Claimant's Amended Counterclaim.

30.     Plaintiff/Counter Defendants deny paragraph 30 of Defendant/Counter Claimant's Amended Counterclaim.

31.     Plaintiff/Counter Defendants admit paragraph 31 of Defendant/Counter Claimant's Amended Counterclaim to the extent that it received an email from Horizon claiming a breach, but state that the email speaks for itself and deny any allegation inconsistent with that email.

32.     Plaintiff/Counter Defendants admit paragraph 32 of Defendant/Counter Claimant's Amended Counterclaim that Horizon made the first three payments to Hensyn and made an offer of settlement, but deny the payments were not required by the Service Agreement and the remaining allegations therein.

33.     Plaintiff/Counter Defendants deny paragraph 33 of Defendant/Counter Claimant's Amended Counterclaim. Further, Plaintiff/Counter Defendants admit paragraph 32 to the extent that Hensyn sent a terse email within minutes, but state that the email speaks for itself and deny any allegation inconsistent with that email.

34.     Plaintiff/Counter Defendants admit paragraph 34 of Defendant/Counter Claimant's Amended Counterclaim.

## Count I.  BREACH OF CONTRACT

35.     Plaintiff/Counter Defendants incorporates its previous answers in response to paragraph 35 of Defendant/Counter Claimant's Amended Counterclaim.

36.     Plaintiff/Counter Defendants admit paragraph 36 of Defendant/Counter Claimant's Amended Counterclaim.

37.     Plaintiff/Counter Defendants state that the Service Agreement speaks for itself and deny any allegation inconsistent with that Service Agreement as alleged in paragraph 37 of Defendant/Counter Claimant's Amended Counterclaim.

38.     Plaintiff/Counter Defendants admit paragraph 38 of Defendant/Counter Claimant's Amended Counterclaim to the extent that Horizon could provide a long-term contract with a utility company conforming to the Service Agreement but deny the rest of the allegations therein.

39.     Plaintiff/Counter Defendants state that the Service Agreement speaks for itself and deny any allegation inconsistent with that Service Agreement as alleged in paragraph 39 of Defendant/Counter Claimant's Amended Counterclaim.

40.     Plaintiff/Counter Defendants state that the Service Agreement speaks for itself and deny any allegation inconsistent with that Service Agreement as alleged in paragraph 40 of Defendant/Counter Claimant's Amended Counterclaim.

41.     Plaintiff/Counter Defendants deny paragraph 41 of Defendant/Counter Claimant's Amended Counterclaim.

42.     Plaintiff/Counter Defendants deny paragraph 42 of Defendant/Counter Claimant's Amended Counterclaim.

43.     Plaintiff/Counter Defendants deny paragraph 43 of Defendant/Counter Claimant's Amended Counterclaim.

44.     Plaintiff/Counter Defendants deny paragraph 44 of Defendant/Counter Claimant's Amended Counterclaim.

45.     Plaintiff/Counter Defendants deny paragraph 45 of Defendant/Counter Claimant's Amended Counterclaim.

### Count II.    BREACH OF EXPRESS WARRANTY

46.     Plaintiff/Counter Defendants incorporates its previous answers in response to

5

paragraph 46 of Defendant/Counter Claimant's Amended Counterclaim.

47.     Plaintiff/Counter Defendants state that the Service Agreement speaks for itself and deny any allegation inconsistent with that Service Agreement as alleged in paragraph 47 of Defendant/Counter Claimant's Amended Counterclaim.

48.     Plaintiff/Counter Defendants admit paragraph 48 of Defendant/Counter Claimant's Amended Counterclaim to the extent that Horizon could provide a long-term contract with a utility company conforming to the Service Agreement but deny the rest of the allegations therein.

49.     Plaintiff/Counter Defendants deny paragraph 49 of Defendant/Counter Claimant's Amended Counterclaim.

50.     Plaintiff/Counter Defendants state that the Service Agreement speaks for itself and deny any allegation inconsistent with that Service Agreement as alleged in paragraph 50 of Defendant/Counter Claimant's Amended Counterclaim.

51.     Plaintiff/Counter Defendants deny paragraph 51 of Defendant/Counter Claimant's Amended Counterclaim.

52.     Plaintiff/Counter Defendants deny paragraph 52 of Defendant/Counter Claimant's Amended Counterclaim.

53.     Plaintiff/Counter Defendants deny paragraph 53 of Defendant/Counter Claimant's Amended Counterclaim.

54.     Plaintiff/Counter Defendants deny paragraph 54 of Defendant/Counter Claimant's Amended Counterclaim.

### Count III.   BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

55.     Plaintiff/Counter Defendants incorporates its previous answers in response to paragraph 55 of Defendant/Counter Claimant's Amended Counterclaim.

56.     Plaintiff/Counter Defendants deny paragraph 56 of Defendant/Counter Claimant's Amended Counterclaim.

57.     Plaintiff/Counter Defendants state the allegations contained in paragraph 57 of

Defendant/Counter Claimant's Amended Counterclaim are merely a statement of law that the court will determine and do not require an admission or denial of fact.

58.    Plaintiff/Counter Defendants deny paragraph 58 of Defendant/Counter Claimant's Amended Counterclaim.

59.    Plaintiff/Counter Defendants deny paragraph 59 of Defendant/Counter Claimant's Amended Counterclaim.

60.    Plaintiff/Counter Defendants deny paragraph 60 of Defendant/Counter Claimant's Amended Counterclaim.

61.    Plaintiff/Counter Defendants deny paragraph 61 of Defendant/Counter Claimant's Amended Counterclaim.

### Count IV.   NEGLIGENT MISREPRESENTATION

62.    Plaintiff/Counter Defendants incorporates its previous answers in response to paragraph 62 of Defendant/Counter Claimant's Amended Counterclaim.

63.    Plaintiff/Counter Defendants admit paragraph 63 of Defendant/Counter Claimant's Amended Counterclaim.

64.    Plaintiff/Counter Defendants state that the Service Agreement speaks for itself and deny any allegation inconsistent with that Service Agreement as alleged in paragraph 64 of Defendant/Counter Claimant's Amended Counterclaim.

65.    Plaintiff/Counter Defendants does not have sufficient information to determine what Horizon relied upon in response to the allegations contained within paragraph 65 of Defendant/Counter Claimant's Amended Counterclaim, and, therefore, would deny same and require strict proof thereof.

66.    Plaintiff/Counter Defendants deny paragraph 66 of Defendant/Counter Claimant's Amended Counterclaim.

67.    Plaintiff/Counter Defendants state that the Service Agreement speaks for itself and deny any allegation inconsistent with that Service Agreement as alleged in paragraph 67 of

Defendant/Counter Claimant's Amended Counterclaim.

68.    Plaintiff/Counter Defendants deny paragraph 68 of Defendant/Counter Claimant's Amended Counterclaim.

69.    Plaintiff/Counter Defendants deny paragraph 69 of Defendant/Counter Claimant's Amended Counterclaim.

70.    Plaintiff/Counter Defendants deny paragraph 70 of Defendant/Counter Claimant's Amended Counterclaim.

71.    Plaintiff/Counter Defendants deny paragraph 71 of Defendant/Counter Claimant's Amended Counterclaim.

72.    Plaintiff/Counter Defendants deny paragraph 72 of Defendant/Counter Claimant's Amended Counterclaim.

73.    Plaintiff/Counter Defendants deny paragraph 73 of Defendant/Counter Claimant's Amended Counterclaim.

74.    Plaintiff/Counter Defendants does not have sufficient information to determine what Horizon relied upon in response to the allegations contained within paragraph 74 of Defendant/Counter Claimant's Amended Counterclaim, and, therefore, would deny same and require strict proof thereof.

75.    Plaintiff/Counter Defendants deny paragraph 75 of Defendant/Counter Claimant's Amended Counterclaim.

76.    Plaintiff/Counter Defendants deny paragraph 76 of Defendant/Counter Claimant's Amended Counterclaim.

77.    Plaintiff/Counter Defendants admit Horizon entered into a lease agreement, but they do not have sufficient information to determine the remaining allegations contained within paragraph 77 of Defendant/Counter Claimant's Amended Counterclaim to the extent of what Horizon relied upon, and, therefore, would deny same and require strict proof thereof.

78.    Plaintiff/Counter Defendants deny paragraph 78 of Defendant/Counter Claimant's Amended Counterclaim.

79.     Plaintiff/Counter Defendants deny paragraph 79 of Defendant/Counter Claimant's Amended Counterclaim.

80.     Plaintiff/Counter Defendants deny paragraph 80 of Defendant/Counter Claimant's Amended Counterclaim.

## Count V.    RESCISSION

81.     Plaintiff/Counter Defendants incorporates its previous answers in response to paragraph 81 of Defendant/Counter Claimant's Amended Counterclaim.

82.     Plaintiff/Counter Defendants does not have sufficient information to determine to admit or deny the allegations contained within paragraph 82 of Defendant/Counter Claimant's Amended Counterclaim, and, therefore, would deny same and require strict proof thereof. Counter Defendants deny any representation of an "all-in price of 4 cents" at any time.

83.     Plaintiff/Counter Defendants deny paragraph 83 of Defendant/Counter Claimant's Amended Counterclaim.

84.     Plaintiff/Counter Defendants deny paragraph 84 of Defendant/Counter Claimant's Amended Counterclaim.

85.     Plaintiff/Counter Defendants deny paragraph 85 of Defendant/Counter Claimant's Amended Counterclaim.

86.     Plaintiff/Counter Defendants deny paragraph 86 of Defendant/Counter Claimant's Amended Counterclaim.

87.     Plaintiff/Counter Defendants deny paragraph 87 of Defendant/Counter Claimant's Amended Counterclaim.

88.     Plaintiff/Counter Defendants deny paragraph 88 of Defendant/Counter Claimant's Amended Counterclaim.

## SECOND DEFENSE

The Amended Counterclaim fails to state a cause of action upon which relief may be

granted.

## THIRD DEFENSE

The Defendant/Counter Claimant's Amended Counterclaim is barred by waiver.

## FOURTH DEFENSE

The Defendant/Counter Claimant's Amended Counterclaim is barred by the equitable doctrines of unclean hands, equitable estoppel and laches.

## FIFTH DEFENSE

The Defendant/Counter Claimant's Amended Counterclaim is barred by the statute of frauds.

## SIXTH DEFENSE

The Defendant/Counter Claimant's Amended Counterclaim is barred by a lack of privity.

## SIXTH DEFENSE

The Defendant/Counter Claimant's Amended Counterclaim for punitive damages is barred because such damages are not available in a contract claim, and the allegations do not give rise to a claim for punitive damages.

## SEVENTH DEFENSE

The Defendant/Counter Claimant's Amended Counterclaim is barred by statutory and regulatory compliance with Kentucky's Public Service Commission.

## EIGHTH DEFENSE

The Defendant/Counter Claimant's Amended Counterclaim is barred by its failure to mitigate damages.

## NINTH DEFENSE

The Defendant/Counterclaimant failed to timely notify Counter Defendants of any alleged defect or alleged breach of warranty as required by operation of law and/or express warranty.

**WHEREFORE,** Plaintiff/Counter Defendants respectfully requests that this Court dismiss the Defendant/Counter Claimant's Amended Counterclaim, to award Counter defendants their costs and attorneys' fees, trial by jury, and any other relief in law or equity that this Court may deem appropriate.

Respectfully submitted,
WILHOIT LAW OFFICE, PLLC


_/s/ William H. Wilhoit_
WILLIAM H. WILHOIT
P.O. Box 35
Grayson, Kentucky 41143
(606) 474-8833
_Attorney for Hensyn Resources, LLC_


## CERTIFICATE OF SERVICE

This is to certify that the foregoing was served on the following counsel of record via the Court's electronic filing system on this 3rd day of November 2023.

Hon. Daniel E. Danford
Stites & Harbison PLLC
250 W Main St., Ste 2300
Lexington, KY 40507

Hon. John L. Tate
Frederick R. Bentley
Stites & Harbison PLLC
400 W Market St, Ste 1800
Louisville, KY 40202

WILHOIT LAW OFFICE, PLLC


_/s/ William H. Wilhoit_
WILLIAM H. WILHOIT