UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

HENSYN RESOURCES, LLC,

    *Plaintiff/Counter-Defendant*

v.

HORIZON MINING, LLC

    *Defendant/Counter-Claimant*

v.

CODY STURGILL,

    *Counter-Defendant*

Case no. 0:22-cv-00085-EBA

*Electronically Filed*

## AGREED PROTECTIVE ORDER

By agreement of the parties, as evidenced by their respective counsels' signatures, and the Court being in all ways sufficiently advised, hereby states as follows:

Because some of the documents to be produced by Defendant/Counter-Claimant, Horizon Mining, LLC, and Plaintiff/Counter-Defendants, Hensyn Resources, LLC and Cody Sturgill, during the course of discovery contain trade secrets or proprietary information, the parties have agreed to conduct discovery pursuant to the following conditions:

**1.**      **Scope of Protection.**

(a)     This Protective Order will govern any record of information produced in this action and designated as confidential pursuant to this Protective Order, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, all designated deposition exhibits, interrogatory answers, admissions, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal methods of discovery.

1

(b) This Protective Order will also govern any designated record of information produced in this action pursuant to required disclosures under any applicable rules.

(c) This Protective Order applies to the parties and to any nonparty from whom discovery may be sought who desires the protection of this Protective Order.

**2.    Definitions.**

(a) The term CONFIDENTIAL INFORMATION, means proprietary technical or commercial information designated as such by a party producing such information, and constituting trade secrets as defined by KRS §365.880, confidential know-how, proprietary information, and the like, which relates to a product or products or a commercial operation used or proposed to be used, or which relates to or contains research or commercial information generated by said party, whether revealed during a deposition, in a document, in an interrogatory answer or otherwise, in connection with this litigation.

(b) The term TECHNICAL ADVISOR refers to any person who is not a party to this action and/or not presently employed by the receiving party or a company affiliated through common ownership, who has been designated by the receiving party to receive another party's CONFIDENTIAL INFORMATION. Each party's TECHNICAL ADVISORS will be limited to such persons as, in the judgment of that party's counsel, are reasonably necessary for the development and presentation of that party's case. These persons include outside experts or consultants retained to provide technical or other expert services such as expert testimony or otherwise assist in trial preparation.

(c) The term QUALIFIED RECIPIENTS means the following parties:

(1) Outside counsel of record for the parties in this action, and the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the action, including outside copying services, document management services, and graphic services;

(2) Court officials involved in this action (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court);

    (3) Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

    (4) Any outside TECHNICAL ADVISOR employed by the outside counsel of record, subject to the requirements in Paragraph 3 below; and

    (5) In-house counsel for a party to this action who are acting in a legal capacity and who are actively engaged in the conduct of this action, and the secretary and paralegal assistants of such counsel to the extent reasonably necessary; and

    (6) The insurer of a party to litigation and employees of such insurer to the extent reasonably necessary to assist the party's counsel to afford the insurer an opportunity to investigate and evaluate the claim for purposes of determining coverage and for settlement purposes.

    (7) The Parties, including their agents and employees who are assisting or have reason to know if this action, so long as each such agent or employee has signed a copy of the disclosure agreement in the form of Exhibit A.

**3.** **Disclosure Agreements.**

 (a) Each receiving party's TECHNICAL ADVISOR must sign a disclosure agreement in the form attached hereto as **Exhibit A** before receiving any CONFIDENTIAL INFORMATION.

 (b) Copies of any disclosure agreement in the form of Exhibit A signed by any person or entity to whom CONFIDENTIAL INFORMATION is disclosed must be provided to any other party who requests a copy. This provision does not apply to non-testifying retained experts.

**4.** **Designation of Information.**

 (a) Documents and things produced or furnished during the course of this action may be designated as containing CONFIDENTIAL INFORMATION by placing on each page, each document (whether in paper or electronic form), or each thing a label stating "**CONFIDENTIAL.**"

 (b) Information or documents may be designated as "Confidential" if the designating party reasonably and in good faith believes that the information or documents constitute, reflect, or contain

CONFIDENTIAL INFORMATION. The Court recognizes that CONFIDENTIAL INFORMATION may be contained within (1) documents and/or data produced; (2) answers provided to written discovery; and/or (3) deposition testimony and exhibits.

(c)     A party may designate information disclosed at a deposition as CONFIDENTIAL INFORMATION if that person or entity reasonably and in good faith believes that the transcript and/or exhibits contain CONFIDENTIAL INFORMATION by requesting on the record that the reporter to so designate the transcript at the time of the deposition or by requesting such designation in writing within 30 days after receiving a deposition transcript. The party requesting any deposition must advise the court reporter not to file any original transcript pending this 30-day period. In the event that any question is asked at a deposition with respect to which a party asserts that the answer requires the disclosure of CONFIDENTIAL INFORMATION, such question must nonetheless be answered by the witness fully and completely.

(d)     A deposition transcript or portions thereof may be designated Confidential by identifying in writing the relevant pages and the designation to be assigned to them. Further, exhibits to a deposition may be designated Confidential by identifying in writing the documents (for instance, by identifying the relevant Bates ranges). Until the 30-day period expires, the entire deposition transcript and all exhibits must be treated as if they had been designated Confidential. If a timely designation is made, the confidential portions and exhibits must be maintained or identified separately from the portions and exhibits not so designated. If no party or deponent timely designates Protected Information in a deposition, then none of the transcript or its exhibits will be treated as Confidential. If, however, a document had been designated Confidential before the deposition, it will not lose any such protection merely by being introduced as a deposition exhibit. In other words, if a document designated as containing Protected Information is introduced as a deposition exhibit, the designating party need not re-designate the exhibit as Confidential.

5.    **Non-Disclosure of Protected Information**

Parties or persons receiving CONFIDENTIAL INFORMATION may not disclose that information to any individual or entity, in any form whatsoever, unless either (1) the designating party provides prior written

consent, or (2) the disclosure is consistent with the terms of this Order, or any subsequent order of the Court. However, under no circumstances may designated CONFIDENTIAL INFORMATION be used for any purpose other than for those purposes necessary to this litigation (including any attendant mediation and appeals). None of the restrictions in this paragraph will be applied to limit a party's ability to disclose its own documents or to disclose documents obtained outside of discovery in this action.

6. **Permissible Disclosure of CONFIDENTIAL INFORMATION**

(a) Information that has been designated CONFIDENTIAL INFORMATION may be disclosed by the receiving party only to QUALIFIED RECIPIENTS. All QUALIFIED RECIPIENTS must hold such information received from the disclosing party in confidence, may use the information only for purposes of this action and for no other action, and must not use it for any business or other commercial purpose, must not use it for filing or prosecuting any patent application (of any type) or patent reissue or reexamination request, and must not disclose it to any person, except as hereinafter provided. All information that has been designated CONFIDENTIAL INFORMATION must be carefully maintained so as to preclude access by persons who are not qualified to receive such information under the terms of this Order.

(b) A deponent during the deposition may be shown, and examined about, documents designated as CONFIDENTIAL INFORMATION. Deponents must not, however, retain or copy portions of those documents or of the deposition transcripts that contain CONFIDENTIAL INFORMATION.

(c) Before disclosing CONFIDENTIAL INFORMATION to any QUALIFIED RECIPIENT, the counsel providing disclosure must provide the recipient with a copy of this Order. That person additionally must sign an Acknowledgement and Agreement To Be Bound in the form attached as Exhibit A.

7. **Use of CONFIDENTIAL INFORMATION.**

(a) All documents, including attorney notes and abstracts, that contain another party's CONFIDENTIAL INFORMATION must be handled as if they were designated pursuant to Paragraph 4.

(b) Documents, papers and transcripts filed with the court that contain any other party's CONFIDENTIAL INFORMATION must be filed under seal in accordance with this Court's applicable rules. Any party may object to the filing of papers under seal by another party.

(c) The Clerk of this Court is directed to maintain under seal all documents, transcripts of deposition testimony, answers to interrogatories, admissions and other pleadings filed under seal with the Court in this litigation that have been designated, in whole or in part, as Confidential.

(d) If any question is asked at a deposition with respect to which a party asserts that the answer requires the disclosure of CONFIDENTIAL INFORMATION, the witness must nonetheless answer the question fully and completely.

**8. Custody and Safekeeping of Protected Information**

Counsel for parties to which CONFIDENTIAL INFORMATION has been disclosed will be responsible for taking appropriate precautions to preserve the confidentiality of the CONFIDENTIAL INFORMATION. The duplication of CONFIDENTIAL INFORMATION must be limited to what is reasonably necessary to conduct this litigation.

**9. Inadvertent Failure to Designate.**

(a) If a producing party inadvertently fails to designate any of its information pursuant to Paragraph 4, it may later designate by notifying the receiving parties in writing. The receiving parties must take reasonable steps to see that the information is thereafter treated in accordance with the designation. If a producing party's discovery responses contain CONFIDENTIAL INFORMATION, but the party inadvertently neglects to so designate the relevant pages, that party may subsequently designate the relevant pages through the same type of written communication described above. Any after-the-fact designation under this paragraph will be effective from the date that the non-designating party receives the written communication.

(b) Notwithstanding the foregoing, no person or party will incur any liability hereunder with respect to disclosure that occurred prior to receipt of written notice of a belated designation.

**10. Challenge to Designation.**

(a) Any receiving party may challenge a producing party's designation of CONFIDENTIAL INFORMATION at any point prior to the fact discovery deadline set by the Court.

(b) If a receiving party chooses to challenge a designation of CONFIDENTIAL

INFORMATION, it may request the producing party change the designation, stating the reasons in that request, within 60 days of the production of the materials designated CONFIDENTIAL INFORMATION.

(c) The producing party will then have 10 business days from the date of receipt of the notification to:

(1) advise the receiving parties whether or not it persists in such designation; and

(2) if it persists in the designation, to explain the reason for the particular designation.

(d) If a request under subparagraph (b) above is turned down, or if no response is made within 10 business days after receipt of notification, the requesting party shall within 10 days thereafter notify the producing party of which documents it continues to challenge as to confidentiality. Within 30 days of receipt of this notice from the requesting party, the producing party may then move the court for appropriate relief. If the producing party does not timely move the Court for relief, the documents contained in the requesting party's notice shall be automatically deemed as de-designated, without seeking further relief from the Court.

(e) With respect to requests and applications to remove or change a designation, information will not be considered confidential or proprietary to the producing party if:

(1) the information in question has become available to the public through no violation of this Order; or

(2) the information was received by any receiving party without restrictions on disclosure from a third party having the right to make such a disclosure.

11. **Inadvertently Produced Privileged Documents.**

The Court recognizes that regardless of the producing party's diligence an inadvertent production of attorney/client privileged or attorney-work-product materials may occur. Therefore, if a party through inadvertence produces or provides discovery that it believes is subject to a claim of attorney/client privilege or attorney work product, the producing party may give written notice to the receiving party that the document or thing is subject to a claim of attorney/client privilege or attorney work product and request that the document or thing be returned to the producing party. The receiving party must return to the producing party such document or thing. Return of the document or thing will not constitute an admission or concession, or permit

any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney/client privilege or attorney work product, nor will it foreclose any party from moving the Court for an order that such document or thing has been improperly designated or should be produced.

**12.     Inadvertent Disclosure.**

In the event of an inadvertent disclosure of another party's CONFIDENTIAL INFORMATION to a non-QUALIFIED RECIPIENT, the party making the inadvertent disclosure must promptly upon learning of the disclosure: (i) notify the person to whom the disclosure was made that it contains CONFIDENTIAL INFORMATION subject to this Order; (ii) make all reasonable efforts to preclude dissemination or use of the CONFIDENTIAL INFORMATION by the person to whom disclosure was inadvertently made including, but not limited to, obtaining all copies of such materials from the non-QUALIFIED RECIPIENT; and (iii) notify the producing party of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against the dissemination or use of the information.

**13.     Limitation.**

This Order is without prejudice to any party's right to assert at any time that any particular information or document is or is not subject to discovery, production, or admissibility on the grounds other than confidentiality.

**14.     Conclusion of Action.**

(a)     All obligations and duties arising under this Order will survive the termination of this litigation. The Court retains jurisdiction over the parties hereto with respect to any dispute regarding the improper use of Protected Information disclosed pursuant to this Order.

(b)     Within 30 days of the final conclusion of the litigation—whether by final order of the trial court, appeal, settlement, or otherwise—each party receiving CONFIDENTIAL INFORMATION must:

    (1)     request that any TECHNICAL ADVISOR(S) who were provided access to materials and documents containing another party's CONFIDENTIAL INFORMATION return those materials and documents to the receiving party and certify in writing the return of all such materials and documents;

(2) provide the producing party with copies of each certification obtained from any TECHNICAL ADVISOR under subparagraph (a) of this Paragraph or the identify any TECHNICAL ADVISOR who fails to provide such a certification;

(3) at the option of the receiving party, destroy or return to the producing party all materials and documents containing CONFIDENTIAL INFORMATION and to certify in writing such destruction or return within 30 days of the conclusion of this action. Such return or destruction will not relieve said parties or persons from any of the continuing obligations imposed upon them by this Order.

(c) Notwithstanding the foregoing provisions of this Paragraph, counsel are entitled to retain one copy of litigation documents containing CONFIDENTIAL INFORMATION. Such litigation documents may be used only for the purpose of preserving a record of the action, and must not, without the written permission of the designating party or an order of the Court, be disclosed to anyone not permitted to receive such information pursuant to this Protective Order.

15. **Production by Third Parties Pursuant to Subpoena.**

Any third party producing documents or things or giving testimony in this action pursuant to a subpoena, notice or request may designate said documents, things, or testimony as CONFIDENTIAL INFORMATION. The parties will treat CONFIDENTIAL INFORMATION produced by third parties according to the terms of this Order.

16. **Compulsory Disclosure to Third Parties.**

If any receiving party is subpoenaed in another action or proceeding or served with a document or testimony demand or a court order, and such subpoena or demand or court order seeks CONFIDENTIAL INFORMATION of a producing party, the receiving party must give prompt written notice to counsel for the producing party and allow the producing party an opportunity to oppose such subpoena or demand or court order prior to the deadline for complying with the subpoena or demand or court order. No compulsory disclosure to third parties of information or material exchanged under this Order will be deemed a waiver of any claim of confidentiality, except as expressly found by a court or judicial authority of competent jurisdiction.

17. **Disclosure to Regulatory Agencies and Government Entities.**

Upon the request of the Public Service Commission, Consumer Product Safety Commission, the National Highway Transportation Safety Administration, or other appropriate governmental authorities ("Governmental Authority" or "Governmental Authorities"), relevant consumer product safety information may only be provided to the requesting Governmental Authority subject to the provisions in this paragraph. If any party seeks to provide, or is requested to provide, to any Governmental Authority any consumer product safety information that has been designated as CONFIDENTIAL INFORMATION by an opposing party, that party must not provide such CONFIDENTIAL INFORMATION directly to the Governmental Authorities because such disclosures could become publicly available through Freedom of Information Act disclosures or other comparable disclosure obligations of the Governmental Authority. If any non-designating party seeks to provide to a Governmental Authority CONFIDENTIAL INFORMATION that has been designated by an opposing party, that party must ask the party who designated the CONFIDENTIAL INFORMATION to provide such CONFIDENTIAL INFORMATION to the Governmental Authority so the designating party can seek exemption from disclosure under applicable regulations and rules including, but not limited to: CPSA, 15 U.S.C. § 2055; the Trade Secrets Act, 18 U.S.C. § 1905, National Highway Traffic Safety Administration – Confidential Business Information, 49 CFR 512; and/or the Freedom of Information Act, 5 U.S.C. § 552(b). Upon receipt of such a request from a non-designating party, the designating party will have 30 business days to provide the CONFIDENTIAL INFORMATION to the Governmental Authority, subject to its right to seek appropriate relief from the Court.

18. **Jurisdiction to Enforce Protective Order.**

After the termination of this action, the Court will continue to have jurisdiction to enforce this Order.

1

**19.   Modification of Protective Order.**

This Order is without prejudice to the right of any person or entity to seek a modification of this Order at any time either through stipulation or Order of the Court.

All of which is, accordingly, ORDERED, this _____ day of December 2023.

_____
JUDGE, UNITED STATES DISTRICT COURT

SEEN AND AGREED TO BY:

*/s/ William Wilhoit* (with permission)
William Wilhoit
Wilhoit Law Office, PLLC
103 South Hord Street
Grayson, KY  41143
*Counsel for Plaintiff-Counter Defendant, Hensyn Resources, LLC & Cody Sturgill*

*/s/ Daniel Danford*
Daniel Danford
Stites & Harbison, PLLC
250 W Main Street, Ste. 2300
Lexington, KY  40507
*Counsel for Defendant/Counter-Claimant, Horizon Mining, LLC*