# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION AT ASHLAND

HENSYN RESOURCES, LLC,

    Plaintiff/Counterclaim-Defendant,

v.

HORIZON MINING, LLC,

    Defendant/Counterclaim-Plaintiff.

v.

CODY STURGILL,

    Counterclaim-Defendant.

Case No. 0:22-cv-00085-DLB-EBA

*Electronically Filed*

## HORIZON MINING, LLC's MOTION FOR COURT-ORDERED MEDIATION

Defendant/Counterclaimant Horizon Mining, LLC ("Horizon") moves for an order setting this case for mediation before the Magistrate Judge.

## FACTUAL BACKGROUND

This case involves dueling breach of contract claims between Horizon and the Plaintiff/Counterclaim-Defendant Hensyn Resources, LLC ("Hensyn"). The claims revolve around a 2021 Services Agreement that obligated Hensyn to perform specific duties in support of Horizon's creation of a bitcoin mining facility in Kentucky. The parties are in the midst of discovery, but an event has occurred that makes this case immediately ripe for Court-ordered mediation.

Horizon's operation has a fairly simple structure. Horizon undertook the substantial capital costs to develop a bitcoin mining facility at the Sandy Hook location in Kentucky. As part of its capital development, Horizon entered into a lease for the Sandy Hook property that,

barring renewal, expires on October 1, 2024. Horizon also signed an Amended Industrial Power Agreement that, barring renewal, expires on May 1, 2025. Finally, Horizon signed various agreements with third-party entities that agreed to pay Horizon a per-Kilowatt hour fee in exchange for the right to host their own bitcoin miners at Horizon's facility. Currently, Horizon has a single customer contract which, barring renewal, expires on August 30, 2024.[1] Horizon's sole customer recently advised Horizon that it is not going to renew its contractual agreement, meaning that Horizon will lose its only source of revenue at the Sandy Hook site. Given the dismal financial results at Sandy Hook that have given rise to Horizon's Counterclaim, Horizon can no longer operate the Sandy Hook facility. Accordingly, Horizon has duly notified the lessor that it will not renew the Sandy Hook lease on October 1, 2024. Horizon has also notified the utility company that it will not need electricity under the Amended IPA past August of 2024.

Horizon also notified Plaintiff of the situation and suggested that the parties seek a stay of the litigation in order to resolve this litigation. Plaintiff demurred.

## ARGUMENT

The loss of its sole customer not only restricts Horizon's financial resources, but also effectively cuts off any potential future damages for Hensyn, all of which are predicated on continued operation by Horizon.[2] Thus, even if Hensyn survives summary judgment, the amount of damages it could claim at trial is relatively small. Under these circumstances, it

---

[1] The current customer contract is the only source of revenue for Horizon's Kentucky operation. The business model contemplated that Horizon would make a profit because the per-Kilowatt hour price of electricity was to be lower than the per-Kilowatt hour hosting fee paid by the customer. Unfortunately, Horizon's Counterclaim reflects, Hensyn's failure to properly negotiate an Industrial Power Agreement with an all-in price of 4 +/- .5 cents per Kilowatt hour has left Horizon with lost profits and stranded capital costs.

[2] In reality, the plain language of the Services Agreement precludes Hensyn from claiming *any* damages at this point. Horizon has filed a detailed motion for summary judgment that sets forth its arguments in this regard.

makes little sense for the parties to waste time and expense on litigation, and it makes significant sense to stay this litigation and reach a resolution with the help of the Magistrate Judge. This is particularly true given that Horizon needs to exit the Sandy Hook site on or before the October 1, 2024 expiration of the lease.

    Accordingly, Horizon respectfully requests an order requiring the parties to mediate before the Magistrate Judge in August 2024, with litigation stayed in the meantime.

Respectfully Submitted,

*/s/ Frederick R. Bentley III*
Daniel E. Danford
Frederick R. Bentley III
**STITES & HARBISON PLLC**
250 West Main Street, Suite 2300
Lexington, Kentucky 40507-1758
Telephone: (859) 226-2300
Email: ddanford@stites.com
Email: rbentley@stites.com

*Counsel for Horizon Mining, LLC*

## **CERTIFICATE OF SERVICE**

      This is to certify that the foregoing was filed with the Court's ECF system and served on the following counsel of record by email on this 6th day of August, 2024.

william@wilhoitlaw.com

William H. Wilhoit
WILHOIT LAW OFFICE
P.O. Box. 35
Grayson, KY 41143
*Counsel for Plaintiff*

                                  */s/ Frederick R. Bentley III*
                                  Frederick R. Bentley III
                                  *Counsel for Horizon Mining, LLC*