# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION AT ASHLAND

| | |
|---|---|
| HENSYN RESOURCES, LLC, <br><br> Plaintiff/Counterclaim-Defendant, <br><br> v. <br><br> HORIZON MINING, LLC, <br><br> Defendant/Counterclaim-Plaintiff. <br><br> v. <br><br> CODY STURGILL, <br><br> Counterclaim-Defendant. | Case No. 0:22-cv-00085-DLB-EBA <br><br> *Electronically Filed* |

## HORIZON MINING, LLC'S MOTION TO CONTINUE THE STAY OF DISCOVERY PENDING RULINGS ON THE PARTIES' RIPE SUMMARY JUDGMENT MOTIONS

Defendant/Counterclaimant Horizon Mining, LLC ("Horizon"), by counsel, moves the Court to continue the temporary stay of discovery pending resolution of the parties' dueling motions for summary judgment, which are fully briefed.

On September 5, 2024, Magistrate Judge Atkins granted in part the parties' joint motion to continue litigation deadlines until resolution of mediation with the Magistrate Judge. (DN 46). Recognizing the potential impact of summary judgment rulings on the settlement process, the Magistrate Judge ordered that "[a]ll deadlines in the case shall be STAYED except for the deadlines under Local Rule 7.1 for responding and replying to dispositive motions." *Id.* (emphasis in the original). At the time of that teleconference, Horizon's August 6, 2024 summary judgment had already been filed, and the Magistrate Judge was apprised that Hensyn intended to file its own summary judgment motion. Hensyn filed its summary judgment motion

on September 10, 2024, and the two motions were fully briefed and ripe for a ruling on September 10, 2024 and October 14, 2024, respectively.

On November 13, 2024, the parties engaged in a settlement conference with the Magistrate Judge. (DN 55, 56.) At the end of the day, and with no resolution yet reached, the Magistrate Judge entered a minute entry order ruling the settlement conferenced was "recessed for further settlement negotiations." (DN 55.)

Horizon submits that the Magistrate Judge's decision to recess the proceedings as opposed to bring them to an end was likely based in part on the economic realities of the case,[1] but more importantly was based on the evident fact that a key impediment to meaningful progress towards resolution of this dispute was the parties' unresolved and pending motions for summary judgment. This is true because, if both motions are granted, the case is over. If Horizon's motion is granted in whole or in part, Hensyn's potential damages will be eliminated, or at the very least diminished to the point that pursuing trial would be uneconomical for Hensyn. If Hensyn's motion is granted, Horizon would lose some or all of its potential damages, leaving an uneconomical trial given the relatively small amount of damages potentially available for Hensyn. If both motions are denied or held in abeyance, the parties will be left to pursue a trial that makes no economic sense. Recessing the settlement conference made good sense given that, however they turn out, the Court's rulings on the summary judgment motions will provide the parties with the necessary information to resume the settlement conference and hopefully resolve the case.

---

[1] The demise of Horizon's business at Sandy Hook has two economic implications that drove the parties' decision to seek a settlement conference with the Magistrate Judge. The implication for Horizon is that it no longer has revenue to offset what it expects will be sizeable litigation costs, and its limited assets are all encumbered. The implication for Hensyn is that its potential damages are now capped at approximately $175,000, an amount that will be uncollectable by the time the case is tried. Thus, this case is uniquely ripe for a settlement.

2

Before resuming the settlement conference, the parties need the essential guidance that will be provided by the Court's summary judgment rulings. Horizon firmly believes that the Court's summary judgment rulings will enable a reasonable resolution. Given the economic realities of the case, it does not make sense to continue litigation prior to the full opportunity to resolve the case at the resumed settlement conference—an opportunity that will be enhanced by the Court's summary judgment rulings. Indeed, the prospect of resolving the case through the settlement conference process is a factor that guided the Court's entry of a stay on September 5, 2024. (DN 46).

After reflecting on the matters raised in the settlement conference, Horizon believes that the stay of litigation ordered by this Court on September 5, 2024 is technically still effective given the Magistrate Judge's Order that the settlement conference was "recessed for further settlement negotiations." (DN 55.) Out of an abundance of caution, however, Horizon hereby seeks an order continuing the stay of discovery in this case until the Court rules on the parties' dueling dispositive motions and the parties then resume the recessed settlement conference and bring it to a hopefully successful conclusion. (*see* Horizon's MSJ, DN 34; Hensyn's MSJ, DN 48).

## GROUNDS FOR MOTION

This case involves dueling breach of contract claims between Horizon and Hensyn Resources, LLC. The claims revolve around a 2021 Services Agreement that obligated Hensyn to perform specific duties in support of Horizon's creation of a bitcoin mining facility in Kentucky. The parties have engaged in written discovery but have not yet begun depositions.

On August 6, 2024, Horizon filed two motions. First, Horizon moved for summary judgment, arguing that Hensyn is not eligible for any compensation under the express terms of

3

the parties' contract, the Services Agreement (the "Agreement"). The Agreement only provides for payment to Hensyn upon Horizon's launch and operation of a 10 megawatt bitcoin mining facility; however, this event undisputedly has not occurred, as Horizon's mining facility has never exceeded 9 megawatts. (*See generally*, DN 34.)

Second, Horizon moved for court-ordered mediation (DN 33) in light of a critical event that drastically altered the posture of this litigation: in August, Horizon learned that the sole customer served by Horizon's mining facility in Kentucky would not renew its contract with Horizon, resulting in Horizon losing its only source of revenue. Due to Horizon's dismal financial condition at the time—a condition that was directly caused by Hensyn's material breaches of the Agreement—Horizon was forced to shutter its Sandy Hook operation altogether.

Thereafter, Hensyn filed its own motion for summary judgment on Horizon's counterclaims. (DN 48.) Given the economic impact on the case of Horizon's business closing, the parties agreed to jointly request a settlement conference with the Magistrate Judge, which was temporarily unsuccessful and thus was "recessed for further settlement negotiations" by the Magistrate Judge. (DN 55.)

While Horizon anticipated that the loss of its only source of revenue (and subsequent termination of operations) would precipitate fruitful settlement negotiations at the settlement conference, it became evident during the course of those negotiations that the existence of unresolved summary judgment motions was an impediment to resolving the case.

The Court has, and should exercise, its discretionary powers to continue to stay discovery in this action pending resolution of dispositive motions which may resolve all issues in this matter. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for

4

counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Additionally, pursuant to Rule 26(c)(1), for good cause, the court may "issue an order to protect a party or person from … undue burden or expense." *Malone v. Cavalry Portfolio Servs.*, 2015 WL 13548455 at *2 (W.D. Ky. May 7, 2015) (internal quotation marks omitted) (quoting Fed. R. Civ. P. 26(c)(1)). "Relatedly, Rule 1 counsels that the Rules 'should be construed and administered to secure the just, speedy, and *inexpensive* determination of every action and proceeding.'" *Id.* (italics added) (applying Fed. R. Civ. P. 1); *see also Osborn v. Griffin*, 2011 WL 13156649 at *2 (E.D. Ky. Dec. 9, 2011) ("[S]taying discovery until the Motion to Dismiss has been decided would prevent the parties from incurring potentially unnecessary and burdensome discovery expense").

Under Sixth Circuit precedent, "[d]istrict courts have broad discretion and power to limit or stay discovery until preliminary questions which may dispose of the case are answered." *See Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005); *see also Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (same). Here, the Court can, and should, exercise its discretion to maintain the stay of discovery in this matter pending resolution of dispositive motions that are likely to narrow (or completely resolve) the issues in this case. Continuation of the current stay will prevent unnecessary expenses to be incurred in pursuing discovery that may be meaningless following the Court's summary judgment rulings. Given Horizon's financial condition, the practical impact of a stay is obvious. But a stay will also aid Hensyn by keeping it from having to expend time and expense on discovery that may not be necessary following the Court's rulings and a resumed settlement conference. Additionally, a resolution of these dispositive motions will likely encourage more productive

5

settlement negotiations here, given that granting either (or both) motions will significantly change the settlement dynamics.

Finally, a continued stay will cause no prejudice to the parties. Horizon's summary judgment motion is fully briefed and has been ripe for a ruling since September 10, 2024. Hensyn's motion is also ripe for a ruling as of October 14, 2024. Particularly as resolution of these motions may narrow the scope of discovery or obviate it entirely, continuing the current stay until the parties resume the recessed settlement conference will avoid significant and potentially extraneous litigation expenses for all involved.

## CONCLUSION

Accordingly, for the reasons stated herein, Horizon requests an order from this Court continuing the current stay of discovery until the parties' dueling summary judgment motions are resolve and the currently recessed settlement conference is resumed and concluded, hopefully with a full resolution of this litigation.

Respectfully Submitted,

*/s/ Frederick R. Bentley III*
Daniel E. Danford
Frederick R. Bentley III
**STITES & HARBISON PLLC**
250 West Main Street, Suite 2300
Lexington, Kentucky 40507-1758
Telephone: (859) 226-2300
Email: ddanford@stites.com
Email: rbentley@stites.com

*Counsel for Horizon Mining, LLC*

6

## CERTIFICATE OF SERVICE

       This is to certify that the foregoing was filed with the Court's ECF system and served on the following counsel of record by email on this 18th day of November, 2024.

william@wilhoitlaw.com

William H. Wilhoit
WILHOIT LAW OFFICE
P.O. Box. 35
Grayson, KY 41143
*Counsel for Plaintiff*

                        */s/ Frederick R. Bentley III*
                        Frederick R. Bentley III
                        *Counsel for Horizon Mining, LLC*